IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KAUNG-TI YUNG,  )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 3:15cv270–HEH
 )
WAYNE E. ZEIGLER, )
 )
        Defendant. )

## MEMORANDUM OPINION
(Granting Defendant's Motion for Abstention)

This lawsuit relates to the purported fraud and mismanagement of a property located in the City of Fredericksburg, Virginia ("Wakeman Property"). The Wakeman Property was jointly owned by Plaintiff Kaung-Ti Yung ("Plaintiff") and Defendant Wayne E. Zeigler ("Defendant"). In 2013, Plaintiff filed suit in the Circuit Court for Spotsylvania County ("Spotsylvania Litigation") seeking either sole ownership or a partition of the Wakeman Property as well as damages for Defendant's alleged fraud and mismanagement of the property. (Pl.'s Compl., ECF No. 1, Ex. 28 thereto.) In May 2015, Plaintiff filed the present suit raising the same issues as the Spotsylvania litigation, but adding vacuous claims for purported violations of federal criminal law.

The matter is before the Court on Defendant's Motion for Abstention and Dismissal (ECF No. 16). Defendant requests that the Court either abstain from hearing this matter pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) or, in the alternative, dismiss the case on the basis of *forum non*

*conveniens*.[1] Plaintiff has responded, and the matter is ripe for disposition. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.

It is a rare set of factual circumstances that warrants abstention pursuant to *Colorado River*, but, for the reasons stated herein, this is such a case.

## I. BACKGROUND

In 1989, Plaintiff and Defendant jointly purchased the Wakeman Property. (Am. Compl. ¶ 16, ECF No. 14.) They held title to the property together as tenants in common from 1989 through 2001. (*Id.* at 20.) Plaintiff alleges that the Defendant suggested they jointly file a new application for financing to take advantage of a lower interest rate to pay down the 1989 mortgage. (*Id.* at 24.) After agreeing to do so, Plaintiff filled out a loan application from Pacific Guarantee Mortgage Government Services ("PGM") under the co-borrower column of the loan application leaving the borrower column blank for the Defendant to complete. (*Id.* at 25–27.) Plaintiff alleges that, contrary to prior representations, the Defendant submitted the loan application without filling in the borrower portion and rather listed Plaintiff as the sole applicant. (*Id.* at 35–38.) As a result the Plaintiff became the sole borrower on the 2001 loan application. (*Id.*) Plaintiff alleges that the Defendant represented to PGM that Plaintiff was the sole borrower on the

---

[1] The Defendant also suggests the Court abstain from hearing the case pursuant to the *Princess Lida* doctrine, see *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 465–66 (1939), which holds that a federal court may not exercise jurisdiction when granting the relief sought would require the court to control property over which another court already has jurisdiction. The *Princess Lida* doctrine presents a compelling basis for abstention in this matter, but the analysis begins and, in this case, ends with a discussion of the *Colorado River* doctrine.

loan application, but that the Plaintiff and Defendant would own the property as join tenants. (*Id.* at 39.)

In 2013, the Plaintiff and Defendant entered into an agreement that Plaintiff would take on the role of managing the Wakeman Property. (*Id.* at 75.) Shortly thereafter, Plaintiff avers that the Defendant began communicating with the tenants of the Wakeman Property concerning his interest in having the tenants leave the property, as he believed the property would have higher value on the market if it were vacant. (*Id.* at 76–82.) Thereafter, the tenants vacated the apartment and Plaintiff alleges that he has been the sole payer of the mortgage. (*Id.*) Plaintiff argues that the Defendant mismanaged the Wakeman Property and misreported various financial information through their joint ownership of the property. (*Id.* at 97–124.)

In 2013, Plaintiff commenced the Spotsylvania litigation seeking either sole ownership or a partition sale of the Wakeman Property as well as damages based upon Defendant's alleged mismanagement of the property. (Pl.'s Compl., ECF No. 1, Ex. 28 thereto.) The Defendant filed a Counterclaim also requesting a partition sale of the Wakeman Property. (Def.'s Mot. for Abstention and Dismissal, ECF No. 16, Ex. A thereto.) In November 2013, the Plaintiff filed a Second Amended Complaint in the Spotsylvania Litigation raising twelve claims, including fraud, breach of a fiduciary duties, defamation, and gross negligence. (*Id.*) In the interim, extensive discovery was conducted by the parties. In May 2015, more than a year after filing the Second Amended Complaint, Plaintiff filed the present suit in this Court raising the same issues as the Second Amended Complaint.

3

The Defendant moves for this Court's abstention of jurisdiction over the present suit.

## II. STANDARD OF REVIEW

While federal courts have a "virtually unflagging obligation" to hear all cases over which they have jurisdiction, in rare and exceptional circumstances they may abstain "for reasons of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18. "The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). Where a "parallel suit[] exist[s], then a district court must carefully balance several factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)).

"Although the prescribed analysis is not a 'hard-and-fast' one in which application of a 'checklist' dictates the outcome, six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the

4

relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *Id.* at 463–64 (citations omitted). Abstention "may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Id.* at 464 (quoting *Moses H. Cone*, 460 U.S. at 28).

### III. DISCUSSION

As an initial matter, the Spotsylvania Litigation, as laid out in Plaintiff's Second Amended Complaint, sets forth the same causes of action against the same party as raised in the First Amended Complaint in this action. Therefore, the federal and state suits are parallel, as the parties and the scope of the Plaintiff's claims involved are identical in the two forums. *See New Beckley*, 946 F.2d at 1073.

Having determined that the federal and state suits are parallel, the critical issue is whether this case presents the exceptional circumstances permitting abstention pursuant to the *Colorado River* doctrine. It is important to note that "a decision to abstain does not require the presence of all of the factors. Instead, the factors are to be applied 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Sto Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182, 187 (4th Cir. 2001) (quoting *Moses H. Cone*, 460 U.S. at 2.).

The first factor—whether the subject matter of the state litigation involves property—weighs in favor of abstention. The Plaintiff's original complaint in the Spotsylvania litigation included a claim for partition sale and the Defendant has filed a

5

counterclaim for partition thereby providing the state court with the ability to assume *in rem* jurisdiction over the property. *Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 747 (4th Cir. 2002).

The Court finds that the second factor, namely whether the federal forum is an inconvenient one, also provides support for abstention in the case. In considering whether the federal forum is inconvenient, the court must look at the "relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Colorado River*, 424 U.S. at 818. It is without debate that Spotsylvania County is central to the dispute between the parties, as the property, property records, potential witnesses, and the Defendant are located in or are closer in proximity to Spotsylvania County than the federal court in Richmond.

The third factor, specifically the threat of piecemeal litigation, "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett*, 286 F.3d at 744 (citation and internal quotation marks omitted). This factor is not satisfied, however, where there is the "mere potential for conflict in the results of adjudications." *Chase Brexton Health Servs., Inc.*, 411 F.3d at 465 (citation and marks omitted). Although the Defendant focuses solely upon the potential for conflicts in the adjudication—a threat present in all parallel litigation—the claims in each action are virtually identical with the only difference being that the Defendant's partition counterclaim in the Spotsylvania action is not raised here pursuant

6

to Federal Rule of Civil Procedure 13(a)(2).[2] The danger of piecemeal litigation is particularly acute in this case because the Court is called upon to adjudicate property rights. Conflicting decisions could create irreconcilable land records. Accordingly, the Court finds that the third factor advises in favor of abstention in this matter.

The fourth factor, the order in which jurisdiction was obtained by the courts, strongly counsels in favor of abstention. The Spotsylvania litigation is much further along than the federal action, as it was filed over a year and a half ago and extensive discovery has taken place. *See Gannett Co.*, 286 F.3d at 747–48. This Court only recently held a pretrial conference in this matter, and it is unclear that this action will proceed as seamlessly in light of defense counsel's request to withdraw from the case and permit the Defendant to proceed *pro se*. On the other hand, the state court action has made substantial progress.

The fifth and sixth factors, the source of law and the adequacy of the alternative proceeding, also tip the scales in favor of abstention. Although the presence of state law issues in itself does not create a circumstance in which a federal court should surrender jurisdiction, the foregoing analysis taken together with the fact that this action raises no viable issue of federal law counsels in favor of abstention. The only federal statutes invoked by Plaintiff's claims are 18 U.S.C. §§1001 and 1832. As the Court explained to Plaintiff's counsel at the initial pretrial conference in this matter, 18 U.S.C. §§1001 and 1832 do not provide a private cause of action. Accordingly, the action is entirely

---

[2] Federal Rule of Civil Procedure 13(a)(2) provides that an opposing party is not required to raise a compulsory counterclaim where "when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2).

premised on the construction and application of Virginia law. As to the sixth factor, there is no reason to believe the state court will be an inadequate forum for resolving this matter which relates solely to the construction and application of state law.

On balance, the factors justify abstention in this matter. This Court is mindful that "abstention [is] the exception...and [] may be granted only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Vulcan Chem. Tech. V. Barker*, 297 F.3d 332, 341 (4th Cir. 2002). The state court will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.[3]

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Abstention and Dismissal will be granted and the case will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug. 17, 2015
Richmond, Virginia

---

[3] A federal court abstaining on *Colorado River* grounds should dismiss the case if "the determinative issues will unfailingly be resolved within the parameters of the state-court litigation...as no further action by the district court is anticipated." *Cox v. Planning Dist. I Cmty. Mental Health & Mental Retardation Servs. Bd.*, 669 F.2d 940, 943 (4th Cir. 1982). Because the determinative issues will be resolved in the Spotsylvania litigation, the Court will dismiss, rather than stay, this action.